# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

THERESA HOOGLAND,

      **Plaintiff,**

v.

CITY OF MARYVILLE, TENNESSEE,        No. 3:19-cv-00383-TAV-DCP
MATTHEW WATSON, ELIZABETH
RIFFLE, SCOTT SPICER, BLOUNT
COUNTY, TENNESSEE, HAROLD
WEEDEN, DARIN GALLOW,
CHRISTOPHER "C.J." PIERCE, JUSTIN
BECKMAN, and JOHN and JANE DOES 1-
10,

      **Defendants.**


## ANSWER OF CITY OF MARYVILLE, TENNESSEE, MATTHEW WATSON, ELIZABETH RIFFLE AND SCOTT SPICER

      Defendants City of Maryville, Tennessee, Matthew Watson, Elizabeth Riffle and Scott Spicer (hereinafter the "City Defendants") hereby appear, by and through counsel, and submit this Answer to the Plaintiff's Complaint. To the extent the Plaintiff may assert she has raised claims against these Defendants in the "Table of Contents", said claims are denied and strict proof is required thereof. These Defendants now respond to the rest of the Complaint as follows:

      1.      In response to Paragraph One (1) of Plaintiff's Complaint, it denied that any of the City Defendants violated the constitutional rights of the Plaintiff. It is maintained that on September 29, 2018 the Plaintiff's minor daughter,[1] Jenavieve Hoogland, called 911 concerned for the well-being the Plaintiff. Jenavieve advised that she was in fear and believed that her mother

---

[1] Upon information and belief, the Plaintiff's daughter is now over the age of eighteen.

may attempt to commit suicide, stating "I think she's trying to kill herself." Jenavieve was audibly distressed during the phone conversation. Jenavieve explained that she became concerned when she found an email[2] the Plaintiff had written that morning to a Dr. Barr. The email reasonably put Jenavieve in fear that Plaintiff may attempt to commit suicide. Jenavieve also related that the Plaintiff "said that she had a gun with her." Further, Jenavieve advised the Plaintiff had been "dealing with major depression and anxiety".  Officers of the Maryville Police Department were dispatched to the home of Jenavieve to perform a welfare check.  Jenavieve provided the Maryville Officers with a copy of the referenced email and described the unusual circumstances that led to her call to 911. It was determined that Victor Barr was a psychologist with the University of Tennessee who had been contacted by the Plaintiff.

It is denied that the MPD officers overacted after viewing the email and speaking with Jenavieve. The Officers acted reasonably based upon the facts and circumstances presented. The belief that the Plaintiff may be armed was based upon the language of the email written by the Plaintiff and the statements of the Plaintiff's minor daughter to law enforcement.

It is denied that these Defendants interfered with the relationship between Plaintiff and Plaintiff's minor daughter, Jenavieve Hoogland. Rather, all interactions between these Defendants and Plaintiff's minor daughter were necessitated by Plaintiff's own actions. It is further asserted that the Plaintiff's actions necessitated the need for Jenavieve to obtain an Order of Protection against the Plaintiff and have a guardian ad litem assigned to her.

The Plaintiff was eventually located and taken into custody by officers of the Blount County Sheriff's Department. The majority of all of these Defendants' actions as identified and referenced in this Answer are included on video footage from the bodycams of Officer Watson

---

[2] The language within the email speaks for itself.  It is anticipated that both the email and the videos from bodycams of the Maryville Officers will at some point be made a part of the Record in this case.

and Cpl. Riffle. To the extent Plaintiff's Complaint references actions or statements included on any of the videos, it is maintained that the videos speak for themselves. Any remaining allegations in Paragraph One (1) are denied and placed at issue with strict proof required thereof.

2.      In response to Paragraph Two (2) of Plaintiff's Complaint, it is admitted that Plaintiff was located in a parking lot of a cemetery and church in Blount County when she was taken into custody by the Blount County Sheriff's Department. The remaining allegations, relating to the actions of the Blount County Sheriff's Department, do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

3.      In response to Paragraph Three (3) of Plaintiff's Complaint, it is admitted that Cpl. Riffle searched Plaintiff for weapons after she was taken into custody by the Blount County Defendants. It is denied Defendant Riffle "interrogated" the Plaintiff. The remaining allegations, relating to the actions of the Blount County Sheriff's Department, do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

4.      In response to Paragraph Four (4) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

5.      In response to Paragraph Five (5) of the Plaintiff's Complaint, the allegations relating to what the Plaintiff knew or did not know are currently outside the course and scope knowledge of these Defendants. It is admitted the Plaintiff's daughter sought help from law

enforcement due to her concern for the Plaintiff's safety and well-being. For purposes of this Answer at this time, no response is able to be given, but strict proof is demanded.

6.     In response to Paragraph Six (6), it is admitted that Defendants Watson, Riffle and Spicer responded to the Plaintiff's residence to meet with the minor daughter that called 911 seeking assistance. It is admitted upon information and belief that the daughter's boyfriend and his parents, Jack and Tracy Southard, were at the residence. The remaining allegations are denied as written with strict proof required thereof.

7.     In response to Paragraph Seven (7), it is admitted that Jenavieve Hoogland voluntarily provided MPD officers with the referenced email. It is admitted that Cpl. Riffle spoke via telephone to the licensed psychologist to whom the email was addressed, Dr. Victor Barr. It is maintained that Cpl. Riffle advised Dr. Barr that she was concerned about Plaintiff's safety. Dr. Barr explained that the Plaintiff was not a patient of his, but that he had received the email. The remaining allegations are denied as written with strict proof required thereof.

8.     In response to Paragraph Eight (8) of the Plaintiff's Complaint, it is admitted that Plaintiff refused to answer her cell phone despite repeated attempts to contact her. It is further maintained that Plaintiff refused to return any calls or respond to the voicemail(s) left by the officers. It is admitted that AT&T eventually provided the approximate location of the Plaintiff's phone at the request of the law enforcement. It is admitted concern existed for the Plaintiff's safety and well-being and for the well-being and safety of fellow law enforcement who might encounter and speak with the Plaintiff. The belief that the Plaintiff may be armed was based upon the language of the email written by the Plaintiff and the statements of the Plaintiff's minor daughter. The remaining allegations are denied in the context of which they are written with strict proof required thereof.

9. In response to Paragraph Nine (9) of the Plaintiff's Complaint, these allegations are denied as written with strict proof required thereof.

10. In response to Paragraph Ten (10) of the Plaintiff's Complaint, these allegations are denied as written with strict proof required thereof.

11. In response to Paragraph Eleven (11) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

12. In response to Paragraph Twelve (12) of the Plaintiff's Complaint, these allegations are denied as written with strict proof required thereof.

13. In response to Paragraph Thirteen (13) of the Plaintiff's Complaint, the claims raised against these Defendants are denied, and it is denied that Plaintiff is entitled to any of the requested relief.

14. In response to Paragraph Fourteen (14) of the Plaintiff's Complaint, these allegations are admitted upon information and belief.

15. In response to Paragraph Fifteen (15) of the Plaintiff's Complaint, these allegations are admitted upon information and belief.

16. In response to Paragraph Sixteen (16) of the Plaintiff's Complaint, these allegations are admitted upon information and belief.

17. In response to Paragraph Seventeen (17) of the Plaintiff's Complaint, these allegations are admitted upon information and belief.

18. In response to Paragraph Eighteen (18) of the Plaintiff's Complaint, these allegations are admitted.

19.     In response to Paragraph Nineteen (19) of the Plaintiff's Complaint, it is admitted that municipalities within Tennessee have authority to adopt policies. It is denied that any custom, policy or procedure of the Defendant City resulted in a constitutional violation. Any remaining allegations are denied and placed at issue with strict proof required thereof.

20.     In response to Paragraph Twenty (20) of the Plaintiff's Complaint, it is admitted that Defendant Officer Matthew Watson was an employee of the City of Maryville during the relevant time period. It is admitted that his actions were taken under color of law. Any remaining allegations are denied and placed at issue with strict proof required thereof.

21.     In response to Paragraph Twenty-One (21) of the Plaintiff's Complaint, it is admitted that Defendant Cpl. Elizabeth Riffle was an employee of the City of Maryville during the relevant time period. It is admitted that her actions were taken under color of law. Any remaining allegations are denied and placed at issue with strict proof required thereof.

22.     In response to Paragraph Twenty-Two (22) of the Plaintiff's Complaint, it is admitted that Defendant Sgt. Scott Spicer was an employee of the City of Maryville during the relevant time period. It is admitted that his actions were taken under color of law. Any remaining allegations are denied and placed at issue with strict proof required thereof.

23.     In response to Paragraph Twenty-Three (23) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

24.     In response to Paragraph Twenty-Four (24) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is

given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

25.     In response to Paragraph Twenty-Five (25) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

26.     In response to Paragraph Twenty-Six (26) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

27.     In response to Paragraph Twenty-Seven (27) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

28.     In response to Paragraph Twenty-Eight (28) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

29.     In response to Paragraph Twenty-Nine (29) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

30.     In response to Paragraph Thirty (30) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

31.     In response to Paragraph Thirty (31) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

32.     In response to Paragraph Thirty-Two (32) of the Plaintiff's Complaint, the age, height and weight of the Plaintiff are admitted upon information and belief. It is admitted upon information and belief that Plaintiff's daughter, Jenavieve, lived in the home with the Plaintiff during the relevant time period. It is denied that Jenavieve currently resides with the Plaintiff as pursuant to an Order of Protection the Plaintiff is barred from contact with her daughter. The remaining allegations are denied.

33.     In response to Paragraph Thirty-Three (33) of the Plaintiff's Complaint, these allegations are currently outside the course and scope knowledge of these Defendants. For purposes of this Answer at this time, no response is able to be given, but strict proof is demanded. It is maintained that Dr. Barr advised Cpl. Riffle that Plaintiff was not a current client of his in September of 2018. The remaining allegations are denied.

34.     In response to Paragraph Thirty-Four (34) of the Plaintiff's Complaint, it is admitted that Plaintiff sent at least one email to Dr. Barr. The language of any such email(s) speaks for itself. The remaining allegations are denied.

35. In response to Paragraph Thirty-Five (35) of the Plaintiff's Complaint, it is admitted that plaintiff's minor daughter woke up on the morning of September 29, 2019 to find that her mother was not at home. It is admitted that in addition to finding the email that put Jenavieve in fear for her mother's safety, Jenavieve found personal items of the Plaintiff including cash and credit cards strangely set out and lined up on the kitchen counter. It is admitted that Jenavieve called 911 in audible distress. Any remaining allegations are denied with strict proof required thereof. Any remaining allegations are denied with strict proof required thereof.

36. In response to Paragraph Thirty-Six (36) of the Plaintiff's Complaint, it is admitted that Officer Watson responded to Plaintiff's residence as a result of her minor daughter's call to 911. Any remaining allegations are denied with strict proof required thereof.

37. In response to Paragraph Thirty-Seven (37) of the Plaintiff's Complaint, these allegations are admitted.

38. In response to Paragraph Thirty-Eight (38) of the Plaintiff's Complaint, it is admitted that Cpl. Riffle responded to Plaintiff's residence as a result of the call to 911. Any remaining allegations are denied with strict proof required thereof.

39. The allegations in Paragraph Thirty-Nine (39) of the Plaintiff's Complaint are denied.

40. In response to Paragraph Forty (40) of the Plaintiff's Complaint, it is admitted that Ms. Southard was at the residence and appeared concerned about the well-being of Jenavieve Hoogland and the Plaintiff. Any remaining allegations are denied as written with strict proof required thereof.

41. In response to Paragraph Forty-One (41) of the Plaintiff's Complaint, the bodycam videos from Officer Watson and Cpl. Riffle speak for themselves. Therefore, no additional answer

9

is warranted and none is given. Any remaining allegations are denied as written with strict proof required thereof.

42.     In response to Paragraph Forty-Two (42) of the Plaintiff's Complaint, these allegations are currently outside the course and scope knowledge of these Defendants. For purposes of this Answer at this time, no response is able to be given, but strict proof is demanded.

43.     In response to Paragraph Forty-Three (43) of the Plaintiff's Complaint, these allegations are currently outside the course and scope knowledge of these Defendants. For purposes of this Answer at this time, no response is able to be given, but strict proof is demanded. The remaining allegations are denied as written with strict proof required thereof.

44.     In response to Paragraph Forty-Four (44) of the Plaintiff's Complaint, these allegations fail to state a claim upon which relief may be granted against these Defendants. Should the Plaintiff allege otherwise, then said claim is denied and strict proof is demanded.

45.     In response to Paragraph Forty-Five (45) of the Plaintiff's Complaint, it is admitted only that Officer Watson is not a medically trained doctor, and he was provided the email(s) written by the Plaintiff and that he formulated opinions focused on the safety and well-being of the Plaintiff. The remaining allegations are denied as written with strict proof required thereof.

46.     In response to Paragraph Forty-Six (46) of the Plaintiff's Complaint, it is admitted that Sgt. Spicer responded to Plaintiff's residence as a result of the call to 911. Any remaining allegations are denied as written with strict proof required thereof.

47.     In response to Paragraph Forty-Seven (47) of the Plaintiff's Complaint, it is admitted that a request was made to Plaintiff's cellular provider, AT&T, to have it "ping" the Plaintiff's phone in an effort to locate the Plaintiff. It is admitted that dispatch later advised Officer

Watson of a possible location of 2827 Montvale Road. Any remaining allegations are denied as written with strict proof required thereof.

48.     In response to Paragraph Forty-Eight (48) of the Plaintiff's Complaint, it is admitted that Jenavieve and the Plaintiff's own email indicated that Plaintiff was in possession of a firearm. Any remaining allegations are denied as written with strict proof required thereof.

49.     In response to Paragraph Forty-Nine (49) of the Plaintiff's Complaint, it is admitted that the officers reasonably relied upon statements made by Jenavieve that Plaintiff was in possession of a firearm. It is specifically maintained that the Jenavieve advised the officers that she was aware of the location where the Plaintiff normally kept a handgun and that it was missing. With respect to any statements related to the bodycam footage from any of the Defendant Officers, the video speaks for itself. Any remaining allegations are denied as written with strict proof required thereof.

50.     It is admitted the Plaintiff's gun was missing from its normal location, that officer safety was at issue and that dispatch was notified accordingly. The remaining portions of Paragraph Fifty (50) of the Plaintiff's Complaint are denied as written with strict proof required thereof.

51.     In response to Paragraph Fifty-One (51) of the Plaintiff's Complaint, these allegations are denied as written with strict proof required thereof.

52.     In response to Paragraph Fifty-Two (52) of the Plaintiff's Complaint, it is admitted that it was reasonable for the Defendant Officers to believe Plaintiff may be in possession of a firearm based upon the statements made by Jenavieve and the email of the Plaintiff to Dr. Barr. It is further admitted that any reference to an "arsenal" came directly from the language within the email. Any remaining allegations are denied as written with strict proof required thereof.

11

53.     In response to Paragraph Fifty-Three (53) of the Plaintiff's Complaint, it is admitted that it was reasonable for the Defendant Officers to believe Plaintiff may be in possession of a firearm based upon the statements made by Jenavieve and the email of the Plaintiff to Dr. Barr. The remaining allegations are denied as written with strict proof required thereof.

54.     In response to Paragraph Fifty-Four (54) of the Plaintiff's Complaint, it is admitted that a "BOLO" was requested. It is admitted that Officer Watson relayed the information he had received from Plaintiff's daughter that the Plaintiff was believed to be in possession of a firearm. The remaining allegations are denied as written with strict proof required thereof.

55.     In response to Paragraph Fifty-Rive (55) of the Plaintiff's Complaint, it is generally admitted that the Maryville Officers were reasonably concerned from the safety of any law enforcement officers that may come in contact with the Plaintiff based upon the facts and evidence available to them at the time, including the Plaintiff's email(s) and statements made by Jenavieve Hoogland that Plaintiff was in possession of a gun. It is admitted that these Defendants provided information to dispatch and/or the Blount County Sheriff's Department. The remaining allegations are denied as written with strict proof required thereof.

56.     Paragraph Fifty-Six (56) of the Plaintiff's Complaint fails to state a claim against these Defendants upon which relief may be granted. To the extent the Plaintiff may assert otherwise, then said claim is denied. It is specifically maintained that Dr. Barr advised that the Plaintiff was not a current patient of his.

57.     In response to Paragraph Fifty-Seven (57) of the Plaintiff's Complaint, it is admitted that Cpl. Riffle spoke to Dr. Barr via telephone. The remaining allegations are denied as written and placed at issue with strict proof required thereof.

58. In response to Paragraph Twenty-Nine (58) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

59. In response to Paragraph Twenty-Nine (59) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

60. In response to Paragraph Sixty (60) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

61. In response to Paragraph Sixty-One (61) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

62. In response to Paragraph Sixty-Two (62) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

63. In response to Paragraph Sixty-Three (63) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is

Case 3:19-cv-00383-TAV-DCP   Document 16   Filed 12/09/19   Page 13 of 45   PageID #: 133

given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

64. In response to Paragraph Sixty-Four (64) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

65. In response to Paragraph Sixty-Five (65) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

66. In response to Paragraph Sixty-Six (66) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

67. In response to Paragraph Sixty-Seven (67) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

68. In response to Paragraph Sixty-Eight (68) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

69.     In response to Paragraph Sixty-Nine (69) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

70.     In response to Paragraph Seventy (70) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

71.     In response to Paragraph Seventy-One (71) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

72.     In response to Paragraph Seventy-Two (72) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

73.     In response to Paragraph Seventy-Three (73) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof

74.     In response to Paragraph Seventy-Four (74) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is

Case 3:19-cv-00383-TAV-DCP   Document 16   Filed 12/09/19   Page 15 of 45   PageID #: 135

given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof

75.     In response to Paragraph Seventy-Five (75) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

76.     In response to Paragraph Seventy-Six (76) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof

77.     In response to Paragraph Seventy-Seven (77) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof

78.     In response to Paragraph Seventy-Eight (78) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof

79.     In response to Paragraph Seventy-Nine (79) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof

80.     In response to Paragraph Eighty (80) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

81.     In response to Paragraph Eighty-One (81) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof

82.     In response to Paragraph Eighty-Two (82) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof

83.     In response to Paragraph Eighty-Three (83) of the Plaintiff's Complaint, these allegations are currently outside the course and scope knowledge of these Defendants. For purposes of this Answer at this time, no response is able to be given, but strict proof is demanded.

84.     In response to Paragraph Eighty-Four (84) of the Plaintiff's Complaint, it is admitted that Officer Watson contacted DCS regarding the Plaintiff's 17 year old daughter who had been left at home alone by the Plaintiff. It is admitted that Officer Watson described the circumstances necessitating the need to call DCS. The remaining allegations are denied as written with strict proof required thereof.

85.     In response to Paragraph Eighty-Five (85) of the Plaintiff's Complaint, it is admitted that Ms. Southard spoke to Cpl. Riffle on multiple occasions. Any remaining allegations are denied as written and placed at issue with strict proof required thereof.

86.     In response to Paragraph Eighty-Six (86) of the Plaintiff's Complaint, it is admitted that Officer Watson contacted DCS regarding the Plaintiff's 17 year old daughter who had been left at home alone by the Plaintiff. It is admitted that Officer Watson described the circumstances necessitating the need to call DCS. Any remaining allegations are denied as written with strict proof required thereof.

87.     In response to Paragraph Eighty-Seven (87) of the Plaintiff's Complaint, with respect to any statements related to the bodycam footage from any of the Defendant Officers, the video speaks for itself. It is admitted that Officer Watson expressed concern for the safety and well being of Plaintiff's minor daughter, Jenaveive. It is maintained that Officer Watson advised Jenaveive that she could contact the Maryville Police Department in the future if needed. Any remaining allegations are denied as written with strict proof required thereof.

88.     In response to Paragraph Eighty-Eight (88) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

89.     In response to Paragraph Eighty-Nine (89) of the Plaintiff's Complaint these Defendants deny they have waived any defenses, and it is maintained that the Tennessee Governmental Tort Liability Act applies to Plaintiff's claims under state law. The remaining allegations are denied with strict proof required thereof.

90.     In response to Paragraph Ninety (90) of the Plaintiff's Complaint, these allegations do not allege any facts. No response is required and none is given. To the extent a response is required, the allegations are denied as written with strict proof required thereof.

91.     These Defendants restate their preceding responses. Anything not previously admitted or denied is now specifically denied and strict proof is demanded thereof.

18

92.     In response to Paragraph Ninety-Two (92) of the Plaintiff's Complaint, these allegations are denied as written with strict proof required thereof.

93.     In response to Paragraph Ninety-Three (93) of the Plaintiff's Complaint, these allegations are denied as written with strict proof required thereof.

94.     In response to Paragraph Ninety-Four (94) of the Plaintiff's Complaint, these allegations are denied as written with strict proof required thereof.

95.     In response to Paragraph Ninety-Five (95) of the Plaintiff's Complaint, these allegations are denied as written with strict proof required thereof.

96.     In response to Paragraph Ninety-Six (96) of the Plaintiff's Complaint, these allegations are denied as written with strict proof required thereof.

97.     In response to Paragraph Ninety-Seven (97) of the Plaintiff's Complaint, these allegations are denied as written with strict proof required thereof.

98.     In response to Paragraph Ninety-Eight (98) of the Plaintiff's Complaint, these allegations are denied as written with strict proof required thereof. It is maintained that Plaintiff's daughter Jenaveive and the email written by Plaintiff referencing an "arsenal" gave the officers a reasonable belief that the Plaintiff was in possession of a firearm.

99.     In response to Paragraph Ninety-Nine (99) of the Plaintiff's Complaint, these allegations are denied as written with strict proof required thereof.

100.    In response to Paragraph One Hundred (100) of the Plaintiff's Complaint, these allegations are denied as written with strict proof required thereof.

101.    In response to Paragraph One Hundred One (101) of the Plaintiff's Complaint, these allegations are denied as written with strict proof required thereof.

102.     In response to Paragraph One Hundred Two (102) of the Plaintiff's Complaint, these allegations are denied as written with strict proof required thereof.

103.     In response to Paragraph One Hundred Three (103) of the Plaintiff's Complaint, these allegations are denied as written with strict proof required thereof.

104.     In response to Paragraph One Hundred Four (104) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

105.     In response to Paragraph One Hundred Five (105) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

106.     In response to Paragraph One Hundred Six (106) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

107.     These Defendants restate their preceding responses. Anything not previously admitted or denied is now specifically denied and strict proof is demanded thereof.

108.     In response to Paragraph One Hundred Eight (108) of the Plaintiff's Complaint, it is admitted that Officer Watson, Cpl. Riffle and Sgt. Spicer arrived at the Plaintiff's home and made contact with Plaintiff's minor daughter. It is admitted that Jenaveive consented to a search of the residence. Paragraph 108 of the Complaint is contradicted, in part, by Paragraph 49 of the Complaint that alleged the City officers walked around the home "to make sure Mrs. Hoogland had not committed suicide there". The remaining allegations are denied as written with strict proof required thereof.

109.     In response to Paragraph One Hundred Nine (109) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

110.     In response to Paragraph One Hundred Ten (110) of the Plaintiff's Complaint, the written policies of the Maryville Police Department serve as guidelines, each occasion brings about

a specific fact pattern that must be accounted for, and the guidelines speak for themselves. It is maintained that Maryville Police Department General Order 3-1 relates to limits of authority / constitutional safeguards. Any remaining allegations are denied as written with strict proof required thereof.

111.     In response to Paragraph One Hundred Eleven (111) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

112.     In response to Paragraph One Hundred Twelve (112) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

113.     In response to Paragraph One Hundred Thirteen (113) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

114.     In response to Paragraph One Hundred Fourteen (114) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

115.     These Defendants restate their preceding responses. Anything not previously admitted or denied is now specifically denied and strict proof is demanded thereof.

116.     In response to Paragraph One Hundred Sixteen (116) of the Plaintiff's Complaint, these allegations do not allege any facts. No response is required and none is given. To the extent a response is required, the allegations are denied as written with strict proof required thereof.

117.     In response to Paragraph One Hundred Seventeen (117) of the Plaintiff's Complaint, these allegations are denied as written with strict proof required thereof.

118.     In response to Paragraph One Hundred Eighteen (118) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

119.     In response to Paragraph One Hundred Nineteen (119) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

120.     These Defendants restate their preceding responses. Anything not previously admitted or denied is now specifically denied and strict proof is demanded thereof.

121.     In response to Paragraph One Hundred Twenty-One (121) of the Plaintiff's Complaint, these allegations do not allege any facts. No response is required and none is given. To the extent a response is required, the allegations are denied as written with strict proof required thereof.

122.     In response to Paragraph One Hundred Twenty-Two (122) of the Plaintiff's Complaint, these allegations do not allege any facts. No response is required and none is given. To the extent a response is required, the allegations are denied as written with strict proof required thereof. It is denied that the Defendant City breached any duty owed to the Plaintiff.

123.     In response to Paragraph One Hundred Twenty-Three (123) of the Plaintiff's Complaint, these allegations do not allege any facts. No response is required and none is given. To the extent a response is required, the allegations are denied as written with strict proof required thereof. It is denied that the Defendant City breached any duty owed to the Plaintiff.

124.     In response to Paragraph One Hundred Twenty-Four (124) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

125.     In response to Paragraph One Hundred Twenty-Five (125) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

126.     In response to Paragraph One Hundred Twenty-Six (126) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

127.     In response to Paragraph One Hundred Twenty-Seven (127) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

128.     In response to Paragraph One Hundred Twenty-Eight (128) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

129.     In response to Paragraph One Hundred Twenty-Nine (129) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

130.     In response to Paragraph One Hundred Thirty (130) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

131.     In response to Paragraph One Hundred Thirty-One (131) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

132.     These Defendants restate their preceding responses. Anything not previously admitted or denied is now specifically denied and strict proof is demanded thereof.

133.     In response to Paragraph One Hundred Thirty-Three (133) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

134.     In response to Paragraph One Hundred Thirty-Four (134) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

135.     In response to Paragraph One Hundred Thirty-Five (135) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

136.    In response to Paragraph One Hundred Thirty-Six (136) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

137.    In response to Paragraph One Hundred Thirty-Seven (137) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

138.    In response to Paragraph One Hundred Thirty-Eight (138) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

139.    In response to Paragraph One Hundred Thirty-Nine (139) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

140.    In response to Paragraph One Hundred Forty (140) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

141.    In response to Paragraph One Hundred Forty-One (141) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted

and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

142.     In response to Paragraph One Hundred Forty-Two (142) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

143.     In response to Paragraph One Hundred Forty-Three (143) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

144.     In response to Paragraph One Hundred Forty-Four (144) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

145.     In response to Paragraph One Hundred Forty-Five (145) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

146.     In response to Paragraph One Hundred Forty-Six (146) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

Case 3:19-cv-00383-TAV-DCP   Document 16   Filed 12/09/19   Page 25 of 45   PageID #: 145

147.     In response to Paragraph One Hundred Forty-Seven (147) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

148.     In response to Paragraph One Hundred Forty-Eight (148) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

149.     In response to Paragraph One Hundred Forty-Nine (149) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

150.     These Defendants restate their preceding responses. Anything not previously admitted or denied is now specifically denied and strict proof is demanded thereof.

151.     In response to Paragraph One Hundred Fifty-One (151) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof,

152.     In response to Paragraph One Hundred Fifty-Two (152) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

153.     In response to Paragraph One Hundred Fifty-Three (153) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

154.     In response to Paragraph One Hundred Fifty-Four (154) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

155.     In response to Paragraph One Hundred Fifty-Five (155) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

156.     In response to Paragraph One Hundred Fifty-Six (156) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

157.     In response to Paragraph One Hundred Fifty-Seven (157) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

158.     In response to Paragraph One Hundred Fifty-Eight (158) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted

Case 3:19-cv-00383-TAV-DCP   Document 16   Filed 12/09/19   Page 27 of 45   PageID #: 147

and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

159.    These Defendants restate their preceding responses. Anything not previously admitted or denied is now specifically denied and strict proof is demanded thereof.

160.    In response to Paragraph One Hundred Sixty (160) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

161.    In response to Paragraph One Hundred Sixty-One (161) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

162.    In response to Paragraph One Hundred Sixty-Two (162) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

163.    In response to Paragraph One Hundred Sixty-Three (163) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

164.    In response to Paragraph One Hundred Sixty-Four (164) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted

and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

165.     In response to Paragraph One Hundred Sixty-Five (165) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

166.     In response to Paragraph One Hundred Sixty-Six (166) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

167.     In response to Paragraph One Hundred Sixty-Seven (167) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

168.     In response to Paragraph One Hundred Sixty-Eight (168) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

169.     In response to Paragraph One Hundred Sixty-Nine (169) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

170. In response to Paragraph One Hundred Seventy (170) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

171. These Defendants restate their preceding responses. Anything not previously admitted or denied is now specifically denied and strict proof is demanded thereof.

172. In response to Paragraph One Hundred Seventy-Two (172) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof

173. In response to Paragraph One Hundred Seventy-Three (173) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

174. In response to Paragraph One Hundred Seventy-Four (174) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

175. In response to Paragraph One Hundred Seventy-Five (175) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

176.     In response to Paragraph One Hundred Seventy-Six (176) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

177.     In response to Paragraph One Hundred Seventy-Seven (177) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

178.     In response to Paragraph One Hundred Seventy-Eight (178) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

179.     In response to Paragraph One Hundred Seventy-Nine (179) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

180.     These Defendants restate their preceding responses. Anything not previously admitted or denied is now specifically denied and strict proof is demanded thereof.

181.     In response to Paragraph One Hundred Eighty-One (181) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof

31

182.    In response to Paragraph One Hundred Eighty-Two (182) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

183.    In response to Paragraph One Hundred Eighty-Three (183) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

184.    In response to Paragraph One Hundred Eighty-Four (184) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

185.    In response to Paragraph One Hundred Eighty-Five (185) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

186.    In response to Paragraph One Hundred Eighty-Six (186) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

187.    These Defendants restate their preceding responses. Anything not previously admitted or denied is now specifically denied and strict proof is demanded thereof.

188.     In response to Paragraph One Hundred Eighty-Eight (188) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof

189.     In response to Paragraph One Hundred Eighty-Nine (189) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

190.     In response to Paragraph One Hundred Ninety (190) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

191.     In response to Paragraph One Hundred Ninety-One (191) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

192.     In response to Paragraph One Hundred Ninety-Two (192) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

193.     In response to Paragraph One Hundred Ninety-Three (193) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted

and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

194.     In response to Paragraph One Hundred Ninety-Four (194) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

195.     These Defendants restate their preceding responses. Anything not previously admitted or denied is now specifically denied and strict proof is demanded thereof.

196.     In response to Paragraph One Hundred Ninety-Six (196) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof

197.     In response to Paragraph One Hundred Ninety-Seven (197) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

198.     In response to Paragraph One Hundred Ninety-Eight (198) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

199.     In response to Paragraph One Hundred Ninety-Nine (199) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted

and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

200.     In response to Paragraph Two Hundred (200) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

201.     In response to Paragraph Two Hundred One (201) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

202.     In response to Paragraph Two Hundred Two (202) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

203.     In response to Paragraph Two Hundred Three (203) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

204.     In response to Paragraph Two Hundred Four (204) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

205.     In response to Paragraph Two Hundred Five (205) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

206.     In response to Paragraph Two Hundred Six (206) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

207.     In response to Paragraph Two Hundred Seven (207) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

208.     In response to Paragraph Two Hundred Eight (208) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

209.     In response to Paragraph Two Hundred Nine (209) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

210.     In response to Paragraph Two Hundred Ten (210) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none

is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

211.    In response to Paragraph Two Hundred Eleven (211) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

212.    In response to Paragraph Two Hundred Twelve (212) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

213.    In response to Paragraph Two Hundred Thirteen (213) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

214.    In response to Paragraph Two Hundred Fourteen (214) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

215.    In response to Paragraph Two Hundred Fifteen (215) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

216.     In response to Paragraph Two Hundred Sixteen (216) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

217.     In response to Paragraph Two Hundred Seventeen (217) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

218.     These Defendants restate their preceding responses. Anything not previously admitted or denied is now specifically denied and strict proof is demanded thereof.

219.     In response to Paragraph Two Hundred Nineteen (219) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof

220.     In response to Paragraph Two Hundred Twenty (220) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

221.     In response to Paragraph Two Hundred Twenty-One (221) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

222. In response to Paragraph Two Hundred Twenty-Two (222) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

223. In response to Paragraph Two Hundred Twenty-Three (223) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

224. In response to Paragraph Two Hundred Twenty-Four (224) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

225. In response to Paragraph Two Hundred Twenty-Five (225) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

226. In response to Paragraph Two Hundred Twenty-Six (226) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

227. These Defendants restate their preceding responses. Anything not previously admitted or denied is now specifically denied and strict proof is demanded thereof.

228.     In response to Paragraph Two Hundred Twenty-Eight (228) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof

229.     In response to Paragraph Two Hundred Twenty-Nine (229) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

230.     In response to Paragraph Two Hundred Thirty (230) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

231.     In response to Paragraph Two Hundred Thirty-One (231) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

232.     In response to Paragraph Two Hundred Thirty-Two (232) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

233.     In response to Paragraph Two Hundred Thirty-Three (233) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted

and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

234.     In response to Paragraph Two Hundred Thirty-Four (234) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

235.     These Defendants restate their preceding responses. Anything not previously admitted or denied is now specifically denied and strict proof is demanded thereof.

236.     In response to Paragraph Two Hundred Thirty-Six (236) of the Plaintiff's Complaint, it is admitted that the MPD officers ware acting in the course and scope of their employment with the City of Maryville. The remaining allegations are denied as written with strict proof required thereof.

237.     Paragraph Two Hundred Thirty-Seven (237) of the Plaintiff's Complaint raises legal conclusions and fails to state a claim against these Defendants. It is denied that these Defendants breached any duty owed to the Plaintiff.

238.     The allegations in Paragraph Two Hundred Thirty-Eight (238) of the Plaintiff's Complaint are denied with strict proof required thereof.

239.     In response to Paragraph Two Hundred Thirty-Eight (238) of the Plaintiff's Complaint, it is denied that Plaintiff is entitled to any damages from these Defendants.

240.     These Defendants restate their preceding responses. Anything not previously admitted or denied is now specifically denied and strict proof is demanded thereof.

241.     In response to Paragraph Two Hundred Forty-One (241) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted

41

and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

242.    In response to Paragraph Two Hundred Forty-Two (242) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

243.    In response to Paragraph Two Hundred Forty-Three (243) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

244.    In response to Paragraph Two Hundred Forty-Four (244) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

245.    These Defendants restate their preceding responses. Anything not previously admitted or denied is now specifically denied and strict proof is demanded thereof.

246.    In response to Paragraph Two Hundred Forty-Six (246) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

247.    In response to Paragraph Two Hundred Forty-Seven (247) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

248.    In response to Paragraph Two Hundred Forty-Eight (248) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

249.    This paragraph omitted in Complaint.

250. In response to Paragraph Two Hundred Fifty (250) of the Plaintiff's Complaint, these allegations are denied with strict proof required thereof.

251. In response to Paragraph Two Hundred Fifty-One (251) of the Plaintiff's Complaint, these allegations do not pertain to these Defendants. Therefore, no answer is warranted and none is given. To the extent these allegations are alleged to relate to these Defendants, they are denied as written with strict proof required thereof.

252. These Defendants request a trial by jury with respect to Plaintiff's claims based upon alleged violations of the United States Constitution.

253. The Plaintiff's prayer for relief, Paragraphs (A)-(F), is meritless, fails to state a claim, is unsupported by the facts and law, should be denied, and the Plaintiff's Complaint against these Defendants should be dismissed. Plaintiff is not entitled to the damages, remedies or relief requested, and the prayer for relief should be dismissed.

254. These Defendants affirmatively raise the Governmental Tort Liability Act as found at Tenn. Code Ann. § 29-20-101, *et seq.* as a bar to a jury trial as it pertains to any state law claims that may be ultimately tried against these Defendants.

255. These Defendants maintain that the Complaint fails to state a claim upon which relief may be granted against them and should be dismissed in its entirety.

256. These Defendants affirmatively assert and rely upon as a defense all immunities to which they may be entitled pursuant to the Tennessee Governmental Tort Liability Act as found at Tenn. Code Ann. § 29-20-101, *et seq.* as it relates to all claims pursuant to state law.

257. These Defendant affirmatively raises the doctrine of modified comparative fault, as the same has been adopted in the State of Tennessee, as a defense to all state law claims raised by the Plaintiff in this matter. Pursuant to the doctrine of modified comparative fault, the trier of fact

should be allowed to consider the actions and/or inactions of the Plaintiff that ultimately led to the damages the Plaintiff is claiming in this case. The trier of fact should be allowed to bar and/or mitigate any recovery for the Plaintiff as a result of the actions and/or inactions of Plaintiff that ultimately resulted in the damages claimed by the Plaintiff in this matter.

258.    These Defendants affirmatively maintain that upon a dismissal of the claims raised against him them, they are entitled to recovery of attorney's fees pursuant to 42 U.S.C. § 1988 and/or Tenn. Code Ann. § 29-20-113. These Defendants further maintain that they are entitled to all reasonable costs and other expenses they have incurred in the defense of this matter as the same is allowable by law. These Defendants respectfully request that a jury be impaneled to try the causes of action raised by the Plaintiff to the extent the same is allowable by law. These Defendants further affirmatively assert all damage caps as the same may be applicable in this cause.

259.    The individual Defendants affirmatively assert the doctrine of qualified immunity as a defense to all claims raised by the Plaintiff. These Defendants affirmatively maintain that their actions at all times were reasonable, appropriate and lawful as a matter of law. Thus, they are each entitled to qualified immunity and an immediate dismissal of all claims raised against them.

260.    The individual Defendants affirmatively assert all defenses and immunities available to law enforcement under state law, including but not limited to the doctrine of good faith immunity and the public duty doctrine.

261.    Anything not previously admitted or denied is hereby denied as if the same is specifically set out herein.

262.    These Defendants reserve the right to amend this Answer pursuant to further investigation and discovery in this case.

RESPECTFULLY submitted this 9th day of December, 2019.

**CITY OF MARYVILLE, MATTHEW WATSON, ELIZABETH RIFFLE AND SCOTT SPICER**

By: /s/ Benjamin K. Lauderback
BENJAMIN K. LAUDERBACK, BPR No. 020855
DAN R. PILKINGTON, BPR No. 024660
WATSON, ROACH, BATSON,
ROWELL & LAUDERBACK, P.L.C.
900 S. Gay St., Suite 1500
Knoxville, TN 37902

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U. S. mail. Parties may access this filing through the Court's electronic filing system.

Lance Kristopher Baker
THE BAKER LAW FIRM
550 West Main Street
Suite 600
Knoxville, Tennessee 37902

Dated this 9th day of December, 2019.

/s/ Benjamin K. Lauderback
BENJAMIN K. LAUDERBACK

45